## Hall v. International Liberty Union of the World.

(Decided November 27, 1914.)

## Appeal from Floyd Circuit Court.

1. Agency—Contract Creating.—A contract appointing an agent in designated territory, which authorizes him to employ at his expense, sub-workers, and provides that the principal may terminate the contract as to all or any part of the territory if his work is not satisfactory, by giving certain notice, creates an exclusive agency.

2. Agency—Contract of—Breach.—Only certainty to a common interest is required in a pleading, and an allegation that applications were sent in from the agent's territory, and that his territory was encroached upon, is sufficient to show a breach of a contract for an exclusive agency.

3. Contracts—Performance.—Where the things to be done by the plaintiff are subsequent in point of time to the things done by the defendant, the plaintiff need not aver performance; his failure to perform is matter to be set up by the defendant.

A. R. CRISLIP for appellant.

B. S. WILSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

The International Liberty Union of the World is a fraternal insurance society, incorporated under the laws

of Kentucky. On December 30, 1912, it entered into a written contract with Ulysses S. Hall by which it appointed him its official deputy to solicit and secure applications for all forms of membership issued by the union and sold through deputies "in the following territory: Floyd County, Kentucky."

He was authorized to solicit applications; to appoint sub-workers for himself in the territory; personally and through sub-workers, to procure applications for membership. He agreed by the contract:

"1. To give one-half or more of his time to the prosecution of the work in behalf of the Union and to act exclusively for it during the life of the contract.

"2. To follow the instructions of the supreme officers of the Union at all times.

"3. To solicit for membership in the Union on an average of not less than three, if practicable every working day of the week.

"4. To make five or more solicitations on every Monday before noon, regardless of the weather conditions.

"5. To try faithfully to secure and turn in not less than fifteen points each calendar month.

"6. To forward twice a week all applications secured and all money received.

"7. To render a satisfactory weekly report to the Union."

The contract is a very long one, but for the purposes of this case, it is unnecessary to set out all its provisions. He brought this suit against the Union, charging that on or about January 15, 1913, the defendant received applications for membership which were sent it by one Coburn and one Tackett from Floyd County and from the territory he was then working; that the defendant allowed these and others to represent it as its agents and continued to accept their work of encroaching upon his territory after it was notified of such encroachment; giving him no credit for the work, and without requiring them to act as sub-workers under him; that by reason of this taking of his territory without cause on his part, he was compelled to cease further work for the defendant and was thereby forced out of a profitable employment to his damage in the sum of $3,000.00, for which he prayed judgment. The defendant demurred to the petition; the court sustained the demurrer and the plaintiff thereupon filed an amended petition in which he re-

alleged in more detail the same facts and also alleged that he complied with each and every part of the contract; that he solicited applications, secured applications for membership and turned them into the defendant, and that he distributed literature sent him by the defendant. The defendant demurred to the petition as amended; the court sustained the demurrer; the plaintiff declining to plead further, the action was dismissed and the plaintiff appeals.

The written contract was filed with the petition as an exhibit and it is insisted that the judgment should be affirmed because (1) the written contract does not give the plaintiff an exclusive agency in Floyd county, (2) the petition fails to show a breach of the contract, (3) it does not show that the plaintiff has complied with the contract. These objections will be considered in the order stated.

1. In addition to those above indicated, the contract contains among others, these provisions:

"The Deputy may appoint Sub-workers to assist him in securing applications for Membership, and may fix their compensation, which compensation shall be paid by the Deputy from the amounts provided herein; * * * such Sub-workers being responsible to the Deputy, * * *. The Deputy being held responsible to the Union for the work of Sub-workers. (Sec. 10).

"The Deputy hereby agrees to do his best to get honest, energetic Sub-workers and train them in this work, paying them such commission fees as he sees fit, out of his own allowance. He further agrees to notify the Union when such Sub-workers become proficient enough to take charge of territory for themselves under direction and control of the Union. (Sec. 11).

"At any time after three months from date of this Contract, if there are any portions of the within named territory that are not being worked in a manner satisfactory to the Union, it shall notify the Deputy of its dissatisfaction, and if satisfactory improvement is not made within one month of said notice, the Union, if it so elects, may terminate this contract, as to any and all portions of the within named territory." (Sec. 42).

It is true that the contract nowhere in terms gives the plaintiff an exclusive agency in Floyd County, but the meaning of the contract is to be ascertained from a consideration of its different provisions, rather than from the words of any single section. It will be observed

that by the contract Hall was empowered to secure applications for all forms of membership in the described territory and to appoint sub-workers for himself therein; that he should fix their compensation, which should be paid by him, the sub-workers being responsible to him, and that he was to notify the union when such sub-workers became proficient enough to take charge of territory for themselves. It will also be observed that at any time after three months from the date of the contract, if any portion of the territory is not worked in a manner satisfactory to the union, it shall notify the deputy of its dissatisfaction, and, if satisfactory improvement is not made within one month, the union may terminate the contract as to any and all portions of the territory. The power to terminate the contract as to any and all portions of the territory was unnecessary unless the agency was exclusive; for, if the agency was not exclusive, the company might protect itself at any time by putting another agent in any portion of the territory. This clause must have been inserted in the contract to give the company a right it would not otherwise have had, and the only reasonable construction of it is that the parties contemplated an exclusive agency in the territory named, and were providing how another agent might be put in the territory if it was not worked in a manner satisfactory to the Union. Viewing the contract as a whole, we, therefore, conclude that it creates an exclusive agency (Hilliker v. Allen, 120 Iowa, 670, 31 Cyc, 1517).

2.    The petition sufficiently shows that Coburn and Tackett were taking applications and sending them into the union from the territory allotted to Hall, and that it allowed them to encroach upon his territory, giving him no credit for the work and without requiring them to act as sub-workers under him. While a pleading is taken most strongly against the pleader, the utmost strictness is not required, certainty to a common intent is sufficient. (Newman on Pleading, Sec. 201).) The allegations of the pleading are sufficient to show a breach of the contract under the above rule.

3.    Where the promises of the plaintiff and defendant are mutual, one being the consideration of the other, the plaintiff must show that he has performed his part of the contract as to the particular thing for which he sues. If the plaintiff were here suing for commissions under the contract, it would be necessary for the plaintiff to show that he had performed all the things required of

him to earn commissions.  But that is not this case; he is suing for a breach of contract by the defendant in not giving him the territory it agreed to give him.  The rule is that the plaintiff must show performance of conditions precedent, but that it is unnecessary for him to allege in his petition performance of conditions subsequent.  If conditions subsequent have not been performed by him, this is the matter that should be set up by the defendant. The contract here created Hall official deputy and gave him Floyd county as his territory.  The stipulations of the contract as to what Hall should do in the territory, and how he should work it, are all conditions subsequent, that is, things to be done after the creation of the agency and after he entered upon the discharge of his duties.  In Newman on Pleading, in Section 260, the rule is thus stated:

"When the performance of the promise or undertaking of the defendant is made to depend upon some act to be done or not to be done by the plaintiff, or some event which must occur prior in point of time to the performance of the undertaking of the defendant, the doing or not doing of the act by the plaintiff or the happening of the event referred to is, as the terms import, a condition precedent of which the plaintiff must aver performance, or a good excuse for non-performance, before he has, in law or equity, any right to demand a performance on the part of the defendant."

The case does not fall within this principle, for the undertaking of the defendant is not made to depend upon anything to be done by the plaintiff, prior in point of time to the performance of the undertaking of the defendant; and it is clear, from the contract, that the company relied entirely upon Hall's agreement to perform it and its right to terminate the contract if he did not do his work satisfactorily.  We, therefore, conclude that the petition is sufficient, and that the circuit court erred in sustaining the demurrer to it.

Judgment reversed and cause remanded for further proceeding consistent herewith.